**In re Duane MANKO and Danielle Manko, Debtor.**

**No. 11–12280–RGM.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

July 1, 2011.

Jeremy Calvin Huang, Falls Church, VA, for Debtor.

### *MEMORANDUM OPINION AND ORDER*

ROBERT G. MAYER, Bankruptcy Judge.

This case is before the court on the debtors' proposed chapter 13 plan. The chapter 13 trustee withdrew his objections and submitted a proposed order of confirmation. The debtors' amended chapter 13 plan filed on May 23, 2011, contains the following provisions in Paragraph 11:

Confirmation of the plan shall impose a duty on Real Property Creditors and/or servicers of such Creditors, with respect to application of mortgage and mortgage-related payments, to comply with the provisions of 11 U.S.C. § 524(i) and all Administrative Order(s) of the Bankruptcy Court relating to Arrearages, Administrative Arrearages, Mortgage Payments, and Conduit Mortgage Payments. As a result, all Real Property Creditors and/or servicers for such Creditors shall have an affirmative duty to do the following upon confirmation of the Plan:

A. To apply all post-petition payments received from the Chapter 13 Trustee and designated to the pre-petition arrearage claim and the administrative arrearage claim only to such claims;

B. To apply all post-petition payments received from the Chapter 13 Trustee and designated as Conduit Mortgage Payments only to the month designated for payment by the Chapter 13 Trustee;

C. To apply all post-petition payments received directly from the Debtor in a non-conduit mortgage plan only to post-petition payments unless otherwise ordered by the Court;

D. To refrain from assessing or adding any additional fees or charges to the loan obligation of the Debtor based solely on the pre-petition default;

E. To refrain from assessing or adding any additional fees or charges to the loan obligation of the Debtor (including additional interest, escrow and taxes) unless notice of such fees and charges has been timely filed pursuant with the Court and a proof of claim has been filed and has not been disallowed upon objection of the Chapter 13 Trustee or the Debtor;

F. To the extent that any post-confirmation fees or charges are allowed and are added to the Plan, to apply only payments received from the Chapter 13 Trustee and designated in payment of such fees and charges to such fees and charges.

G. To the extent that any post-confirmation fees or charges are allowed and are NOT added to the Plan, to apply only payments received directly from the Debtor and designated in payment of such fees and charges to such fees and charges.

These provisions are substantially the same as those addressed and rejected in *In re Russell,* 2010 WL 2671496 (Bankr. E.D.Va.2010). The reasons for the rejec-

tion were well expressed in that opinion and need not be repeated here. It is,

ORDERED that confirmation of the debtors; modified chapter 13 plan filed on May 23, 2011 is denied. The clerk will dismiss this case if the provisions of LBR 3015–2(H)(3) are not timely satisfied.